IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DONALD C. ODOMS,

        Petitioner,

v.

BRANDON KELLY, Superintendent,
Oregon State Penitentiary, et al.,

        Respondents.

Case No. 6:19-cv-00702-IM

**OPINION AND ORDER**

**IMMERGUT, District Judge.**

Petitioner Donald C. Odoms ("Odoms") brings this habeas corpus proceeding pursuant to 28 U.S.C. § 2254, alleging that he is wrongfully confined beyond his sentence expiration date in violation of his right to due process and to be free from cruel and unusual punishment. For the reasons set forth below, this Court DENIES Odoms' Habeas Petition (ECF No. 1) and DISMISSES this proceeding, with prejudice.

///

///

## BACKGROUND

In 1988, a jury convicted Odoms of kidnapping in the first degree, rape in the first degree, sodomy in the first degree, compelling prostitution, promoting prostitution, robbery in the third degree, operating a motor vehicle in violation of a habitual offender order, and felony driving while revoked. Resp't Exs. (ECF No. 20), Ex. 101 at 5. The trial court imposed the following sentences on the three most serious charges: Count One (kidnapping in the first degree), a thirty-year indeterminate sentence, with a fifteen-year minimum; Count Two (rape in the first degree), a thirty-year indeterminate sentence, with a fifteen-year minimum, consecutive to Count One; Count Three (sodomy in the first degree), a thirty-year indeterminate sentence, with a fifteen-year minimum, concurrent to Count Two. *Id.* at 5-6. The trial court also imposed a ten-year indeterminate sentence on Count Four (compelling prostitution), to be served consecutive to Counts One and Two. *Id.* at 6. The remaining sentences were imposed to run concurrently with Count Four. *Id.* at 6-7.

On March 14, 1990, the Oregon Board of Parole and Post-Prison Supervision ("Board") issued Board Action Form ("BAF") 3, "unsumming" Odoms' consecutive prison term ranges, thereby giving him a prison term range of 180-260 months, based on its finding that "consecutive sentences are not appropriate penalties for the criminal offenses involved." Resp't Ex. 107 at 3-4. The Board listed Odoms' goodtime release date as July 22, 2035, and his sentence expiration date as November 19, 2058. *Id.* at 1.[1]

---

[1] Under Oregon law, OISC determines an offender's maximum and good time release dates based on the sentences imposed by the trial court, and the Board determines the duration of incarceration, i.e., the prison term range. *Severy v. Bd. of Parole and Post-Prison Superv.*, 318 Or. 172, 176 (1993).

The Board released Odoms on parole in December 2007, and subsequently revoked his parole in 2013. Resp't Ex. 105 at 5. On August 21, 2013, the Board issued BAF 25, denying Odoms re-release on parole and setting a projected parole release date of February 7, 2015. Resp't Ex. 111 at 3. The Board listed Odoms' goodtime release date as November 7, 2043, and his sentence expiration date as February 2, 2059. *Id.* at 1. The Board has repeatedly deferred Odoms' release on parole since that time. *See* Resp't Ex. 131 at 6.

On or about February 23, 2017, Odoms filed a state habeas corpus petition alleging that BAF 3 converted his consecutive sentences to concurrent, that his goodtime release date is February 14, 2017, and that he is entitled to immediate release. Resp't Exs. 102, 105 & 124. The state moved to dismiss Odoms' habeas petition, arguing that it was barred because (1) he could seek judicial review of the Board's most recent order deferring his release on parole, (2) he had a pending mandamus proceeding between the same parties, (3) issue and claim preclusion applied, and (4) he had an adequate remedy at law. Resp't Ex. 123. The state court denied the petition based on the state's argument and authorities. Resp't Exs. 125-27.

Odoms appealed, arguing that the state court erred in relying on the state's arguments to deny habeas relief. Resp't Ex. 128. Odoms filed a *pro se* supplemental brief arguing that BAF 3 "overrode [the] sentences imposed by [the] judge," and that his "continued incarceration is in violation of the Fifth, Sixth, Eighth, and Fourteenth Amendments to the U.S. Constitution." Resp't Ex. 129 at 6-9. The Oregon Court of Appeals affirmed without opinion. *Odoms v. Kelly*, 295 Or. App. 143 (2018).

Odoms filed a petition for review in the Oregon Supreme Court arguing that the trial court erred in denying habeas relief because (1) his failure to seek review of BAF 3 did not

preclude habeas, (2) the fact that he had a pending mandamus proceeding did not preclude habeas relief, (3) his claim was not barred by issue or claim preclusion, and (4) he has no adequate remedy at law. Resp't Ex. 131 at 11. Under the heading "Reasons for Allowing Review," Odoms argued:

> This case "presents significant open *questions of state law*. This court should allow review to address how the *preclusion rules from ORS 34.330(4) and ORCP 21 A(3)* apply when a plaintiff files a writ of habeas corpus while other litigation is pending or has been filed previously. This court should also allow review to clarify the proper vehicle for an inmate to challenge DOC's sentence computation when that sentence computation forms the basis for parole board decisions. As this case illustrates, inmates, DOC, the parole board, and the lower courts would benefit from clarify [sic] of that issue.

*Id.* at 11-12 (emphasis added).

Odoms' supporting argument consisted of a single sentence stating that he "incorporates and relies on the arguments made in his brief in the Court of Appeals." *Id.* at 12. Appellate counsel made no reference to the arguments raised in Odoms' *pro se* supplemental brief or to any provision of the U.S. Constitution in his assignments of error or in the body of the petition for review. The Oregon Supreme Court denied review. *Odoms v. Kelly*, 364 Or. 680 (2019).

## DISCUSSION

In the instant proceeding, Odoms alleges that the Board converted his consecutive sentences to concurrent in BAF 3, and his good time release date is properly calculated to be February 14, 2017. Pet'r's Habeas Pet. at 8-9. Odoms contends that his continued confinement violates his right to due process. *Id.* at 9; Pet'r's Br. in Supp. (24) at 6.[2] In his supporting brief,

---

[2] Odoms raises similar claims in *Odoms v. Kelly*, 6:18-cv-01122-IM, that the Court also denies on this date.

Odoms appears to raise a second ground for relief, arguing that the state habeas court erred in concluding that habeas relief was not warranted and that its erroneous decision violated his right to due process. Pet'r's Br. in Supp. at 13.

Respondent argues that this Court should deny habeas relief because Odoms procedurally defaulted his available state remedies by failing to raise any constitutional issue in his petition for review to the Oregon Supreme Court. Odoms does not argue otherwise. For the reasons set forth below, this Court denies Odoms' habeas petition on the basis that he procedurally defaulted his available state remedies and, in any event, the state court's denial of his due process claim is neither contrary to, nor an unreasonable application of clearly established law. *See* 28 U.S.C. § 2254(d)(1).

## I. Procedural Default of Available State Remedies

Generally, a state prisoner must exhaust all available state court remedies either on direct appeal or through collateral proceedings before a federal court may consider granting habeas corpus relief. 28 U.S.C. § 2254(b)(1). "[A] petitioner satisfies the exhaustion requirement by fairly presenting the federal claim to the appropriate state courts . . . in the manner required by the state courts, thereby afford[ing] the state courts a meaningful opportunity to consider allegations of legal error." *Casey v. Moore*, 386 F.3d 896, 915-16 (9th Cir. 2004) (internal quotation omitted); *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). If a petitioner fails to present his federal claims to the state's highest court, and he is procedurally barred from doing so at the time he files his federal habeas petition, the petitioner's claims are procedurally defaulted. *Baldwin*, 541 U.S. at 29; *Smith v. Baldwin*, 510 F.3d 1127, 1138 (9th Cir. 2007). A state prisoner is barred from raising procedurally defaulted claims in federal court unless he "can demonstrate cause for

5 – OPINION AND ORDER

the default and actual prejudice as a result of the alleged violation of federal law or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

Odoms procedurally defaulted his available state remedies by failing to raise his due process claim in his petition for review to the Oregon Supreme Court. Odoms does not argue otherwise and he does not argue that there is a basis to excuse his procedural default. Accordingly, habeas relief is precluded

## II. The Merits

In addition to being procedurally defaulted, habeas relief is not warranted because the state courts' denial of Odoms' due process claim is neither contrary to, nor an unreasonable application of clearly established law.

Odoms' argument that he is being held past the lawful expiration of his sentence in violation of his right to due process is premised on the assertion that "[t]he Oregon Legislature intended for a board order 'unsumming' prison terms to change the unsummed sentences from consecutive to concurrent." Pet'r's Br. in Supp. at 4. In *Severy*, however, the Oregon Supreme Court rejected this argument, explaining that the Board is not authorized to unsum consecutive sentences, but instead is limited to unsumming "*terms of imprisonment set by the Board* pursuant to the ranges established for the offenses." 318 Or. at 179 (emphasis in original). Odoms argues that *Severy* was decided incorrectly by the Oregon Supreme Court. Pet'r's Br. in Supp. at 5.

It is well settled that this Court must defer to a state court's construction of state law. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005). Consequently, because the Oregon Supreme Court has held that the Board's decision to unsum a

prisoner's prison term ranges does not impact the consecutive nature of the sentences, Odoms has failed to demonstrate that OISC's calculation of his goodtime release date and sentence expiration date violates his constitutional rights. *See Wrenn v. Nooth*, No. 6:09-cv-00703-TC, 2011 WL 5999263, at *2 (D. Or. Nov. 7, 2011) (deferring to the Oregon Supreme Court's holding in *Severy*), *adopted* 2011 WL 5999336 (D. Or. Nov. 28, 2011). Accordingly, the state court's rejection of Odoms' constitutional claims is neither contrary to, nor an unreasonable application of, clearly established federal law. *See* 28 U.S.C. § 2254(d)(1).

Odoms argues at length that the state court erred in concluding that state habeas relief was barred as a matter of state law. *See* Pet'r's Br. in Supp. at 6-13. It is well settled that habeas relief is not warranted based on errors of state law. *See* 28 U.S.C. § 2254(a) (providing that a habeas court shall entertain a habeas petition filed by a state prisoner only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States); *Loftis v. Almager*, 704 F.3d 645, 647 (9th Cir. 2012) (holding that "[i]t is axiomatic that habeas relief lies only for violations of the Constitution, laws, or treaties of the United States; errors of state law will not suffice"). Accordingly, this Court denies habeas relief to the extent that Odoms raises a claim based on the violation of state law.

///
///
///
///
///
///

**CONCLUSION**

Based on the foregoing, this Court DENIES Odoms' Habeas Petition (ECF No. 1) and DISMISSES this proceeding, with prejudice. This Court DENIES a certificate of appealability because reasonable jurists would not find it debatable whether the Court is correct in its procedural rulings and Odoms has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

DATED this 2nd day of April, 2020.

Karim J. Immergut
United States District Judge